LAW OFFICES

# MELTZER, LIPPE, GOLDSTEIN & BREITSTONE, LLP

190 WILLIS AVENUE, MINEOLA, NY 11501

*Carmelo Grimaldi, Esq.*
*Direct Dial: 516-470-0121*
*Facsimile: 516-237-2893*
*Email: cgrimaldi@meltzerlippe.com*

TELEPHONE: (516) 747-0300
FACSIMILE: (516) 747-0653
INTERNET: www.meltzerlippe.com

*Video Conference Facilities*

March 1, 2013

**Via ECF & U.S. Mail**
Hon. Joanna Seybert
United States District Judge
United States District Court
Long Island Federal Courthouse
Central Islip, NY 11722

    Re:    **Vikki Badrian vs. Dr. Karen F. Schwartz, MD, P.C. et. al.**
           **Court Index No.: 12 CV 4292**
           **Our Client: Karen F. Schwartz, M.D., F.A.C.E.**
           **Our Client No.: 12297-00010**

Dear Judge Seybert:

      As you know, this firm represents the Defendants in the above referenced action. In compliance with the Court's Order, dated January 30, 2013, enclosed please find a copy of the parties' executed and notarized Settlement Agreement and General Release ("Agreement"). As stated in prior correspondence from Plaintiff's counsel, all consideration mentioned in the Agreement (*i.e.*, Exhibit A) has been fully paid by Defendants in a timely manner (and the Defendant is otherwise in full compliance with all Agreement terms).

      For the following reasons, we submit the Agreement fully satisfies the "fair and reasonable" standard set forth in the Court's Order ("*Then, if the Court finds that the Settlement is fair and reasonable in all respects, the Court will "so order" the parties' Stipulation*").

      (a)    Exhibit A of the Agreement provides that Plaintiff will receive:

      (i)  "... the gross amount of Eight Thousand Twenty Dollars and Twelve Cents ($8,020.12) subject to applicable withholding ... attributable to wages Badrian alleges she did not receive during her employment with Defendant Dr. Karen Schwartz, MD, P.C."

      (ii)  "... the gross amount of Eight Thousand Twenty Dollars and Eleven Cents ($8,020.11) attributable to liquidated damages purportedly owed Badrian" and



609876-1

*Long Island's Business Law Firm*℠

MELTZER, LIPPE, GOLDSTEIN & BREITSTONE, LLP

Hon. Joanna Seybert
United States District Court
March 1, 2013
Page 2 of 3

      (iii)    the sum of Eight Thousand Nine Hundred Fifty Nine Dollars and Seventy Seven Cents ($8,959.77) for Plaintiff's attorneys' fees. Upon information and belief, all of Plaintiff's legal fees were satisfied by this particular payment.

As an attorney who has practiced labor and employment law since 1989 (and reviewed the facts and documents in this action), the above monies – at a minimum – fully satisfies every alleged viable claim Plaintiff may have had against Defendants in this action including those that were alleged under the federal Fair Labor Standards Act. In fact, Defendants have continuously denied the Complaint allegations of unlawful conduct (*see* the Agreement's "No Admission" clause/Section 5).

      (b)    The Agreement memorializes the parties' vastly different positions (*see* the "Whereas" clauses as well as the Complaint and Answer) that – if not amicably resolved - would have resulted in costly and time consuming litigation (and the potential for less recovery for Plaintiff than what she received by her execution of the Agreement).

      (c)    In addition to being represented by skilled labor and employment counsel, Plaintiff was given ample opportunity to consider – and then revoke the Agreement if she chose to do so. In this regard, the parties agreed (*see* Section 10) to provide Plaintiff with the same protections available under the Older Workers Benefit Protection Act for her to consider the Agreement such as: (i) a twenty-one (21) day review period and (ii) a seven (7) day revocation period even though this action has nothing to do with age (and Plaintiff never asserted to the Equal Employment Opportunity Commission or Court she had been discriminated against because of age or any other protected status).

      (d)    The Agreement was subject to back and forth negotiations (and several earlier drafts) over a substantial period of time (*i.e.*, this is not a situation where one party drafts a settlement and the other party executes same without requesting any revisions).

      (e)    The Agreement provides both parties with substantial consideration beyond the settlement monies given to Plaintiff (*see above*) including a general release in favor of Plaintiff (*see* Agreement Section 3(b));

Accordingly, we believe the Court has ample reason to endorse the parties' Stipulation of Discontinuance - which appears as Exhibit B to the Agreement - and which was previously respectfully submitted to the Court for its endorsement in January 2013.

MELTZER, LIPPE, GOLDSTEIN & BREITSTONE, LLP

Hon. Joanna Seybert
United States District Court
March 1, 2013
Page 3 of 3

If the Court needs anything else for its determination, please advise.

Respectfully submitted,

Carmelo Grimaldi

Enclosure

cc:   Gregory Lisi, Esq.
      Lauren Kantor, Esq.

609876-1

## SETTLEMENT AGREEMENT AND GENERAL RELEASE

Settlement Agreement and General Release ("Agreement") by and between Vikki Badrian ("Badrian") who resides at 7 Dewey Street, Huntington, New York 11746 and Dr. Karen Schwartz, MD, P.C and Dr. Karen Schwartz (collectively referred to as the "Defendants" in this Agreement) located at 165 Froehlich Farm Boulevard, Woodbury, New York 11797.

**WHEREAS,** Badrian commenced a lawsuit against the Defendants which is pending in the United States District Court, Eastern District of New York, Docket No. 12 CV 4292 (Seybert, J.) (Brown, M.J.) ("Action"), in which she has asserted various claims and avers she is entitled to relief, including alleged unpaid wages (alleged unpaid overtime and spread of hours) against Defendants under the Fair Labor Standards Act, 29 U.S.C. §§ 201 *et seq.*, New York State Labor Law and other statutes; and

**WHEREAS,** Defendants have: (i) patently denied they violated the aforementioned laws (and/or any other laws); (ii) asserted Badrian is not entitled to any additional wages (iii) asserted Badrian was fully and properly paid for all work she performed for Defendant Dr. Karen Schwartz, MD, P.C; (iv) asserted no other former (or current) employee is entitled to any additional wages; and (v) otherwise vigorously defended against the Action; and

**WHEREAS,** the parties are desirous of resolving these disputes and any and all disputes without incurring further time, expense or attorneys' fees; and

**WHEREAS,** the terms of this Agreement were fully reviewed by the parties and their respective attorneys and

**WHEREAS,** Badrian and Defendants have carefully considered other alternatives to executing this Agreement and have entered into this Agreement knowingly, voluntarily and without coercion;

**NOW, THEREFORE IT IS MUTUALLY AGREED AS FOLLOWS:**

1. The above Action is settled and discontinued with prejudice in accordance with the terms more fully set forth herein.

2. <u>Payment</u>

In consideration for Badrian's execution of this Agreement (including without limitation its general release of any and all claims including without limitation, claims for unpaid wages, liquidated damages, discrimination, retaliation, harassment, punitive damages, attorneys' fees, costs and expenses, and in consideration of the parties' compliance with the promises made herein), Defendants agree to pay Badrian and her attorney, by remitting to Badrian's attorney the amount set forth in Exhibit "A" which is annexed hereto. Badrian and her attorney hereby agree and represent that they will stipulate to dismiss this action with

prejudice by executing the Stipulation of Discontinuance With Prejudice as set forth in Exhibit "B".

Badrian's understands and agrees that she would not receive the monies specified in this Agreement except for the execution of this Agreement and her agreement to fulfill the promises described herein.

3. General Release.

a. In consideration of the promises of benefits, mutual agreements and other consideration contained in this Agreement, Badrian, for and in consideration of the payment as set forth herein and for other good and valuable consideration, hereby releases and forever discharges Defendants, their divisions, affiliates, subsidiaries, parents, corporations under common ownership or control or related business entities, predecessors, successors, management companies, assigns and their officers, directors, members, partners, trustees, employees, agents, actuaries, accountants, stockholders, administrators, representatives, attorneys including without limitation attorneys who appeared in this action, insurers or fiduciaries, past, present or future, of and from all debts, obligations, promises, covenants, agreements, contracts, endorsements, bonds, controversies, suits or causes known or unknown, suspected or unsuspected, of every kind and nature whatsoever, legal, equitable, contractual, tortuous or statutory which may heretofore have existed or which may now exist including, but not limited to, all allegations and causes of action in the instant Action, and those claims arising under the Fair Labor Standards Act, 29 U.S.C. §§201 *et seq.*, the New York State Labor Law §§ 1 *et seq.* and applicable regulations 12 NYCRR 142-2.2, *et seq.*, Section 1981 through 1988 of Title 42 of the United States Code, Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§2000(e) *et seq.*, as amended, the Americans With Disabilities Act of 1990, 42 U.S.C. §§12101 *et seq.*, the Family and Medical Leave Act of 1993, 29 U.S.C. §§2601 *et seq.*, the Employee Retirement Income Security Act of 1974, 29 U.S.C. §1001 *et seq.*, the National Labor Relations Act, 29 U.S.C. §§151 *et seq.*, New York State Executive Law §§290 *et seq.*, the Rehabilitation Act of 1973, 29 U.S.C. §§701 *et seq.*, as amended, the Consolidated Omnibus Budget Reconciliation Act of 1985, 29 U.S.C. §§1161 *et seq.*, the Occupational Safety and Health Act, 29 U.S.C. §§651 *et seq.*, the Age Discrimination in Employment Act of 1967, 29 U.S.C. §§621 *et seq.*, the Older Workers' Benefit Protection Act, as amended, the New York Human Rights Act, as amended, the New York Civil Rights Law, as amended, the New York Equal Pay Law, as amended, the New York Legal Activities Law, all other New York State Wage and Hour Laws including, without limitation, Sections 740 and 741, the New York Worker Health and Safety Act and/or any other federal, state or local human rights, civil rights, wage-hour, wage-payment, pension, labor and/or their laws, rules and/or regulations, constitutions, ordinances, public policy, contract or tort laws, defamation claim, or any other claim arising under the common law, or any claim for costs, attorneys' fees, disbursements, liens or expenses or any other claim, based upon any conduct occurring from the beginning of the world to the date of this Agreement.

b. As additional consideration, Defendants release and forever discharge Badrian from any and all claims, causes of actions, suits, attorneys' fees, debts, dues, sums of money, accounts, reckonings, bonds, bills, specialties, covenants, contracts, controversies,

agreements, promises, variances, trespasses, damages, judgments, extents, executions, charges, complaints and demands whatsoever, in law or equity, of any and every kind, nature and character including, but not limited to, those arising under any federal, state or local law, contract or tort laws from the beginning of the world to the date of this Agreement.

4. Representations and Covenants.

a. Badrian hereby represents she will withdraw with prejudice and without costs, fees, disbursements and expenses to any party, the Action and agrees to direct her attorney to execute the Stipulation of Discontinuance annexed hereto as Exhibit "B" upon the signing of the Agreement. Likewise, Defendants hereby represent they will agree to execute the Stipulation of Discontinuance annexed hereto as Exhibit "B" upon the signing of the Agreement. The parties agree that this Action's discontinuance is subject to Defendants full payment of those monies as set forth in Exhibit "A" herein.

b. Badrian expressly understands and agrees the obligations under this Agreement and tender of the payments described in Exhibit "A" are in lieu of any and all other amounts to which Badrian might be, is now, or may become entitled to receive from Defendants upon any claim whatsoever and, without limiting the generality of the foregoing, Badrian expressly waives any right or claim that she may have for compensation, benefits, interest, bonuses, damages, accrued vacation, accrued sick leave, medical, dental, optical or hospitalization benefits, accidental death and dismemberment coverage, long-term disability coverage, stock options, pensions, education benefits, automobile usage benefits, life insurance benefits, overtime, spread of hours, severance pay, liquidated damages and/or attorneys' fees or costs with respect to or derivative from Badrian's employment and former employment and relationship with Defendants.

c. With the exception of the Action, Badrian represents she has not and will not individually or as a member of a class hereafter file any complaints, charges, claims (civil, administrative, or criminal) against Defendants with any court or agency based on any activities by Defendants which occurred prior to the date of this Agreement. Badrian further covenants and agrees not to recover or attempt to recover any monetary damages (civil, administrative or otherwise), individually or as a member of a class, against Defendants in any court of law or equity, or before any administrative agency, with respect to any matter arising or derivative from her employment and/or former employment and relationship with Defendants.

d. Badrian has not and will not engage in any conduct that is injurious to the reputation and interests of Defendants and their officers, directors, employees and/or shareholders including publicly disparaging (or inducing or encouraging others to publicly disparage or inducing or encouraging others to cease doing business with Defendants), denigrating, or criticizing Defendants to any past, current and future employees and patients and all other third parties regarding any matters in connection to the Action, the settlement of this Action, the health care provided to Defendants' patients, Badrian's employment and former employment by and relationship with Defendants as an employee, and anything else. In particular, Badrian agrees not to utter the allegations that appear in her Complaint in this

Action to anyone other than her attorney and explicitly agrees not to voluntarily assist any former, current, or future employee with any cause of action or claim against Defendants. Likewise, the Defendants agree not to voluntarily publicly disparage Badrian or voluntarily assist others with any cause of action or claim against Badrian. Notwithstanding anything herein to the contrary, nothing in this Agreement shall be deemed to prohibit or prevent the parties from providing truthful testimony or information: (i) with respect to cooperation or testimony required by law, legal process, or governmental investigation, or by any court, or administrative or legislative body (including any committee thereof) with actual or apparent jurisdiction; or (ii) with respect to any litigation, involving this Agreement, including, but not limited to, the enforcement of this Agreement.

   e. Badrian will cooperate with Defendants and their attorneys in connection with any investigation, administrative proceeding or litigation relating to any matter in which Badrian was involved or of which Badrian has knowledge regarding any subject matter relevant to Action, the settlement of this Action, Badrian's employment and former employment by and relationship with Defendants as an employee, and/or anything else.

   f. Badrian agrees that, in the event she is subpoenaed by any person or entity (including, but not limited to, any government agency) to give testimony (in a deposition, court proceeding or otherwise) which in any way relates to any subject matter relevant to the Action, the settlement of this Action, Badrian's employment and former employment, Defendants' employment practices, Defendants' administration of health care and/or patient care and anything else, she will give prompt notice of such request to Defendants' attorneys at the address sent forth herein and will make no voluntary disclosure until Defendants have had a reasonable opportunity to contest the right of the requesting person or entity to such disclosure.

   g. Badrian agrees she has not and will not voluntarily disclose either directly or indirectly any information whatsoever regarding the substance or terms of this Agreement, the amounts contained herein, the magnitude of the amounts contained herein including, but not limited to, disclosing such confidential information to members of the media, jury verdict reporter or similar publication, past, present and former employees, and/or independent contractors of Defendants and/or other members of the public. Badrian further agrees that she shall not, except as compelled by law, publicize or disclose any of the facts or circumstances relating to any asserted or potential claim against Defendants their divisions, affiliates, subsidiaries, parents, corporations under common ownership or control or related business entities, predecessors, successors, management companies, assigns and their officers, directors, members, partners, trustees, employees, agents, actuaries, accountants, stockholders, administrators, representatives, attorneys including attorneys who have appeared in this action, insurers or fiduciaries, past, present or future regarding any facts or matters which occurred prior to the date of this Agreement. However, Badrian may disclose confidential information to her attorney, her spouse, and her professional advisors (all of whom she must first inform of and they must agree to be bound by this confidentiality provision). In addition, Badrian may disclose the existence and terms of this Agreement, if necessary, in any action to enforce this Agreement, or as otherwise required by law, provided

599346-1          4

however that Badrian promptly notify the Defendants in writing in accordance with Paragraph 9 of this Agreement. Badrian agrees to notify Defendants' attorneys at the address sent forth herein immediately of any attempts by any third parties to attempt to obtain or compel by legal process the disclosure of this Agreement or its contents. Badrian represents and agrees that any disclosure of information contrary to the terms of this confidentiality provision by her or any of her confidants noted above is a material breach and would cause Defendants injury and damage, the actual amount of which would be impossible to determine. Accordingly, Badrian consents to entry of injunctive relief in addition to any and all other remedies under this Agreement. Further, the parties agree if any legal proceedings are ever brought by Defendants concerning any alleged violations of this Agreement and Defendants prevail, Defendants shall also be entitled to recover Defendants' reasonable attorneys' fees and costs. In the event that either party or their attorneys receives inquiries from third parties regarding the status of the Action between the parties, they shall only state that the matter was resolved by mutual agreement.

  h. Excluding this Agreement itself, four (4) years from the date of the execution of this Agreement, Badrian will direct her attorney to promptly return or destroy any and all Defendants' documents and all copies thereof that were furnished to Badrian's attorney prior to or by virtue of this Action, such as and without limitation payroll documents produced in response to discovery demands and mandatory disclosures and offered for purposes of settlement. This requirement also applies to any such documents, and copies thereof that are in Badrian's possession or any other third party controlled by Badrian. Badrian represents and agrees that any disclosure of information contrary to the terms of this provision and other confidentiality provisions in this Agreement by her or her attorney is a material breach and would cause Defendants injury and damage, the actual amount of which would be impossible to determine. Accordingly, Badrian consents to entry of injunctive relief without the posting of a bond or surety in addition to any and all other remedies available under this Agreement and under statutory and common law if such confidentiality provisions are breached.

  i. Badrian represents and acknowledge that she has returned or is returning simultaneously with the execution of this Agreement to Defendants all "Defendants' Confidential Information," and "Defendants' HIPAA Information" as those terms are defined below. Such property includes, without limitation, patient lists, mailing lists, reports, files, memoranda, patient records, patient files, financial records, billing information, Medicaid or Medicare information, records and software, computer files and/or records, door and file keys, computer access codes or disks and other physical or personal property which Badrian received or prepared or helped prepare in connection with her employment with Defendant Dr. Karen Schwartz, MD, P.C, and that Badrian will not retain any copies, duplicates, reproductions or excerpts thereof. The term "Defendants' Information," as used in this Agreement, means: (a) confidential information of Defendants including, without limitation, information received from third parties under confidential conditions; and (b) other financial information or trade secrets or proprietary information, the use or disclosure of which might reasonably be construed to be contrary to the interests of Defendants. "Defendants' HIPAA Information" is defined to include any Defendants' patient individually identifiable health information (a/k/a protected health information (PHI)) protected by the federal Health

Insurance Portability and Accountability Act of 1996 (HIPAA) and applicable federal and state laws requiring privacy and patient rights). Badrian further agree Defendants shall be entitled to recover liquidated damages in the amount of Ten Thousand Dollars ($10,000) for each instance in which it is determined that Badrian has retained and/or disclosed information in violation of this provision.

       j.    Badrian's last day of employment with Defendant Dr. Karen Schwartz, MD, P.C occurred in April 2012. Notwithstanding anything herein to the contrary, nothing in this Agreement shall be deemed an admission by both parties that Badrian was employed by Defendant Dr. Karen Schwartz. In this regard, the parties agree Badrian was only employed by Defendant Dr. Karen Schwartz, MD, P.C. It is further agreed the employee-employer relationship between Defendant Dr. Karen Schwartz, MD, P.C and Badrian has ended by virtue of Badrian's voluntary resignation and such resignation was unrelated to any federal, state, or municipal statute or any cause of action Badrian has or may have against Defendants. It is further understood should Badrian apply to work for Defendants, in any capacity in the future, Defendants, based on this clause, may deny Badrian employment for any position she seeks, and said denial will not be a violation of any federal, state or municipal statute and/or common law right and will not be retaliatory in any way. By virtue of this clause, Badrian shall not apply to work for Defendants, in any capacity in the future.

       k.    Badrian acknowledges and agrees that as of the execution of this Agreement she is not aware, either directly or indirectly, of any behavior, activity, pattern, or practice which occurred at Defendant Dr. Karen Schwartz, MD, P.C, during her employ or otherwise that she believed violated: (a) Defendants' standard of patient care; and (b) any applicable federal, state and/or municipal statute, rule or regulation or common law pertaining to patient care.

    5.    No Admission. This Agreement shall not, in any way, be construed as an admission by either party that they acted wrongfully with respect to the other party or any other person, or that either party has any rights whatsoever against the other. This Agreement shall also not in any way be construed as an admission by either party as to any allegations in the Complaint or in the Answer of this Action.

    6.    Enforceability. If any provision of this Agreement is held to be illegal, void, or unenforceable, such provision shall be of no force or effect. Badrian agrees that if she seeks to challenge the validity of - otherwise vitiate - this Agreement or any provision thereof, Badrian shall, as a precondition, be required to repay to Defendants the full amounts paid to Badrian pursuant to this Agreement and as permitted by law.

    7.    Legal Action/Jurisdiction. With respect to disputes arising out of or relating to this Agreement, (including, but not limited to, breach of this Agreement) either party may apply to the U.S. District Court for the Eastern District of New York with jurisdiction to seek legal and equitable relief. Furthermore, each of the parties hereby expressly and irrevocably submits to the jurisdiction and venue of such court. In the event the U.S. District Court for the Eastern District of New York declines to exercise such jurisdiction, either party may apply to the appropriate New York State Court (*e.g.*, the Supreme Court, Nassau County). In the

event Defendants seek injunctive relief against Badrian, she agrees Defendants will not have to post a bond or surety in seeking said injunction.

8. <u>Legal Counsel</u>.

The parties have continued to consult their respective legal counsel regarding the terms of this Agreement and the mutual release of claims. The parties acknowledge it is their respective choice to waive any potential claims in return for the benefits set forth in this Agreement, including Exhibit "A".

9. <u>Miscellaneous</u>.

a. Any and all inquiries concerning the Action and Badrian's employment and/or former employment with Defendant Dr. Karen Schwartz, MD, P.C or inquiries concerning Defendant Dr. Karen Schwartz shall be referred to Defendants' attorneys at the address as set forth in this Agreement.

b. All notices or other communications provided for or permitted herein shall be in writing, and mailed by registered or certified mail, return receipt requested, or sent by telecopy/electronic correspondence or other similar communication, provided that, if such communication is used, the notice is also mailed simultaneously by First-Class U.S. Mail, to the party entitled or required to receive the same, at the address set forth below or at such other address as such party shall designate by a notice given pursuant to this paragraph. All such notices, *etc.*, shall be deemed given when mailed in accordance with this paragraph.

    i) <u>If to Badrian</u>:

    Ms. Vicki Badrian
    7 Dewey Street
    Huntington, New York 11746

with a copy to her attorney: Forchelli, Curto, Deegan, Schwartz, Mineo, Cohn, & Terrana LLP, (attention: Gregory S. Lisi, Esq.) 333 Earle Ovington Blvd., Suite 1010, Uniondale, New York 11553.

    ii) <u>If to Defendants</u>:

    Karen F. Schwartz, M.D., F.A.C.E.
    Dr. Karen Schwartz, MD, P.C
    165 Froehlich Farm Blvd.
    Woodbury, New York 11797

with a copy to their attorney: Meltzer, Lippe, Goldstein & Breitstone, LLP, (attention: Carmelo Grimaldi, Esq.) 190 Willis Avenue, Mineola, New York 11501.

c. This Agreement and its annexed exhibits contain the entire understanding between the parties hereto concerning the subject matter hereof, supersedes any and all prior agreements among the parties with respect to the subject matter hereof, and may not be changed, modified, or altered, nor any of its provisions waived, except by an agreement in writing signed by the parties hereto. A waiver by any party of any of the terms or conditions of this Agreement, or of any breach thereof, shall not be deemed a waiver of such term or condition hereof, or of any subsequent breach thereof. All rights and remedies by this Agreement reserved to any party shall be cumulative and shall not be in limitation of any other right or remedy which such party may have at law, in equity or otherwise.

d. This Agreement may be executed in two (2) or more counterparts, each of which shall be deemed an original, but all of which shall constitute one and the same instrument, and in pleading or proving any provision of this Agreement, it shall not be necessary to produce more than one (1) of such counterparts. Facsimile transmission copies will be deemed and accepted as original in all proceedings and no objection will be raised regarding same.

e. This Agreement shall not be interpreted in favor of or against either party on account of such party having drafted this Agreement.

f. This Agreement shall inure to the benefit of Defendants, their successors, assigns, heirs, including, but not limited to, any corporation, individual, partnership or other entity which may acquire all or substantially all of Defendants' assets and business or with or into which Defendants may be consolidated or merged. This Agreement and its attached exhibits shall inure to the benefit of Badrian and her heirs, executors and assigns.

g. This Agreement was negotiated with specific reference to the State of New York and shall in all respects be governed by relevant federal law and the law of the State of New York.

h. The captions of the sections hereof are for convenience only and shall not control or affect the meaning or construction of any of the terms or provisions of this Agreement.

10. Badrian acknowledges she has been given at least twenty-one (21) days to consider this Agreement carefully, and she fully understands and agrees to all of its terms. Badrian may revoke this Agreement within seven (7) days of his signing it. This seven (7) day period will begin to run the day after Badrian has executed this Agreement. If Badrian revokes this Agreement, it shall be rescinded in its entirety and Badrian will not receive the benefits set forth herein. Said revocation must be mailed by registered or certified mail, return receipt requested, or sent by facsimile transmission or other similar communication, provided that, if such communication is used, the notice is also mailed simultaneously by First-Class U.S. Mail, to: Carmelo Grimaldi, Esq., at the address set forth in this Agreement

599346-1                                    8

and received within seven (7) days of the execution of this Agreement. If Badrian does not revoke this Agreement, it shall become effective eight (8) days after Badrian signs it. If the last day of the revocation period is a Saturday, Sunday or legal holiday in New York, then the revocation period shall not expire until the next business day.

**THERFORE**, the parties to this Agreement now voluntarily and knowingly execute this Agreement on this ___ day of December 2012.

_____  Dr. Karen Schwartz, MD, P.C.
Vicki Badrian

By: _____
    Karen Schwartz, MD
    President

_____
Karen Schwartz, MD

STATE OF NEW YORK )
                  )ss.:
NASSAU   COUNTY )

On December 2, 2012 before me personally came Vicki Badrian to me known and known to me to be the individual described in, and who executed the foregoing Settlement Agreement and General Release, and duly acknowledged to me that she executed the same.

_____
Notary Public

GREGORY S. LISI
NOTARY PUBLIC, State of New York
No. 02LI5053067
Qualified in Nassau County
Commission Expires December 11, 2014

STATE OF NEW YORK )
                  )ss.:
NASSAU   COUNTY )

On January 2nd, 2013 before me personally came Dr. Karen Schwartz to me known and known to me to be the individual described in, and who executed the foregoing Settlement Agreement and General Release, and duly acknowledged to me that she had the authority to execute the same on her own behalf and on behalf of Dr. Karen Schwartz, MD, P.C.

_____
Notary Public
Reg. No. 02PA6234844
01/31/2015

## EXHIBIT A

1. In exchange for the promises made by Badrian and Defendants in this Agreement, Defendants shall deliver to Badrian's attorney (Gregory S. Lisi, Esq., Forchelli, Curto, Deegan, Schwartz, Mineo, Cohn, & Terrana LLP, 333 Earle Ovington Blvd., Suite 1010, Uniondale, New York 11553) the total gross sum of Twenty Five Thousand Dollars and No Cents ($25,000.00), in consideration for, and in full satisfaction of, all claims Badrian has and/or may have against Defendants. Said payment shall be made by three (3) checks and will occur after: (a) Badrian executes the Agreement; (b) Badrian declines to revoke the Agreement in accordance with enumerated paragraph 10 of the Agreement; and (c) the expiration of such revocation period has occurred. Payment shall be made as follows: *and within 30 days of Badrian executing the Agreement:*

    (i) a check payable to the order of Vikki Badrian in the gross amount of Eight Thousand Twenty Dollars and Twelve Cents ($8,020.12) subject to applicable withholding, for which an IRS Form W-2 shall be issued by Defendant Dr. Karen Schwartz, MD, P.C in due course. This check shall be attributable to wages Badrian alleges she did not receive during her employment with Defendant Dr. Karen Schwartz, MD, P.C.

    (ii) check payable to the order of Vikki Badrian in the gross amount of Eight Thousand Twenty Dollars and Eleven Cents ($8,020.11) attributable to liquidated damages purportedly owed Badrian and she may receive an IRS Form 1099 reflecting said payment to be issued by Defendant Dr. Karen Schwartz, MD, P.C in due course.

    (iii) a check made payable to Badrian's attorney "Forchelli, Curto, Deegan, Schwartz, Mineo, Cohn, & Terrana LLP" in the sum of Eight Thousand Nine Hundred Fifty Nine Dollars and Seventy Seven Cents ($8,959.77) and an IRS Form 1099 reflecting said payment may be issued by Defendant Dr. Karen Schwartz, MD, P.C in due course.

    (iv) the foregoing sums remitted to Badrian's attorney shall be held in escrow prior to the fully executed "so-ordered" Stipulation of Discontinuance with Prejudice being filed with and endorsed by the Court and shall be in full satisfaction of all claims known or unknown, asserted or unasserted, including, but not limited to, all claims for lost wages, lost employee benefits, lost future wages, pension and/or retirement benefits, lost future benefits, alleged emotional distress, humiliation, mental anguish, stress, pain and suffering, compensatory damages, liquidated damages, punitive damages, all other statutory claims and all common law claims Badrian may have against Defendants, their divisions, affiliates, subsidiaries, parents, corporations under common ownership or control or related business entities, predecessors, successors, management companies, assigns and their officers, directors, members, partners, trustees, employees, agents, actuaries, accountants, stockholders, administrators, representatives, attorneys, insurers or fiduciaries, past, present or future.

2. **Tax Liability.** Badrian must ensure that all taxes related to the above-referenced payments are paid. In the event of a tax assessment by any federal, state or local taxing authority, with respect to any alleged failure to make all required deductions or withholding from the sums to be paid hereunder to Badrian and/or her attorney as part of this Agreement, Badrian shall fully pay that assessment. Badrian also agrees to pay or indemnify and hold Defendants harmless for any and all related withholding taxes, interest or penalties incurred by Defendants and which Defendants may be required to pay to any taxing authorities relating to any payments made to Badrian pursuant to this Agreement.

## EXHIBIT B

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------X
VIKKI BADRIAN and individuals
similarly situated,

               Plaintiffs,               Docket No. 12 CV 4292
                                                 (Seybert, J.) (Brown, M.J.)
    -against-

DR. KAREN SCHWARTZ, MD, P.C.
and DR. KAREN SCHWARTZ,

               Defendants.
----------------------------------------X

### STIPULATION OF DISCONTINUANCE WITH PREJUDICE

**IT IS HEREBY STIPULATED AND AGREED**, by and between the undersigned counsels of record for the Plaintiffs and Defendants that pursuant to Rule 41(a)(2) of the Federal Rules of Civil Procedure the above-referenced action and any claims raised therein, and any action or claim that could have been raised therein is hereby discontinued with prejudice and without attorneys' fees or costs to any party. The parties agree however that this discontinuance is subject to Defendants' full payment of those monies as set forth in Exhibit A of the parties' Settlement Agreement and General Release.

Dated: December ___, 2012

_____          _____
Gregory S. Lisi                                            Carmelo Grimaldi
FORCHELLI, CURTO, DEEGAN,            MELTZER, LIPPE, GOLDSTEIN &
SCHWARTZ, MINEO, COHN, & TERRANA, LLP   BREITSTONE, LLP
333 Earle Ovington Blvd., Suite 1010          190 Willis Avenue
Uniondale, NY 11553                            Mineola, New York 11501
(516) 248-1700                                      (516) 747-0300
glisi@forchellilaw.com                        cgrimaldi@meltzerlippe.com
*Attorney for Plaintiffs*                           *Attorneys for Defendants*

**SO ORDERED:**

This ___ day of December 2012

_____
U.S.D.J.

599346-1                            11