```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------X
VIKKI BADRIAN,

                        Plaintiff,
                                                    ORDER
            -against-                               12-CV-4292(JS)(GRB)

DR. KAREN SCHWARTZ, MD, P.C. and
DR. KAREN SCHWARTZ,

                        Defendants.
----------------------------------------X
APPEARANCES
For Plaintiff: Gregory Scot Lisi, Esq.
               Lauren Elissa Kantor, Esq.
               Forchelli Curto Deegan Schwartz Mineo &
                  Terrana, LLP
               Uniondale, NY 11553

For Defendant: Carmelo Grimaldi, Esq.
               Meltzer, Lippe, Goldenstein & Breitstone, LLP
               The Omni
               333 Earle Ovington Blvd., Suite 1010
               Uniondale, NY 11553
```

SEYBERT, District Judge:

Presently before the Court is a "Settlement Agreement and General Release" (the "Agreement") submitted by the parties for judicial approval. (Docket Entry 16.) "Stipulated settlements in a [Fair Labor Standards Act ('FLSA')] case must be approved by the Court in the absence of the direct supervision of the Secretary of Labor." Misiewicz v. D'Onofrio Gen. Contractors Corp., No. 08-CV-4377, 2010 WL 2545439, at *3 (E.D.N.Y. May 17, 2010) (report and recommendation), adopted by 2010 WL 2545472 (E.D.N.Y. June 18, 2010); see also Wolinsky v.

Scholastic Inc., --- F. Supp. 2d ----, 2012 WL 2700381, at *1 (S.D.N.Y. July 5, 2012) ("[A]n employee may not waive or otherwise settle an FLSA claim for unpaid wages for less than the full statutory damages unless the settlement is supervised by the Secretary of Labor or made pursuant to a judicially supervised stipulated settlement."). In determining whether to approve a settlement of FLSA claims, the court must scrutinize the agreement to determine whether it is fair and reasonable. Wolinsky, 2012 WL 2700381, at *1 (collecting cases). The Court has reviewed the Agreement, and there are two issues that the Court must address.

First, the Agreement includes a confidentiality provision. (See Agreement, Docket Entry 16, ¶ 4(g).) However, "confidentiality contravenes the legislative intent of the FLSA." Bouzzi v. F & J Pine Rest., L.L.C., 841 F. Supp. 2d 635, 640 (E.D.N.Y. 2012); see also Dees v. Hydradry, Inc., 706 F. Supp. 2d 1227, 1242 (M.D. Fla. 2010) ("By including a confidentiality provision, the employer thwarts the informational objective of the [FLSA] notice requirement by silencing the employee who has vindicated a disputed FLSA right." ); Mosquera v. Masada Auto Sales, Ltd., No. 09-CV-4925, 2011 WL 282327, at *1 (E.D.N.Y. 2011) (noting that "several District Courts in this Circuit have banned confidentiality provisions in stipulated settlement agreements for FLSA actions"

2

(collecting cases)). Thus, the Court will not approve the Agreement so long as it contains a confidentiality provision.

Second, the Complaint asserts that Plaintiff was not properly compensated for over 3,000 hours of overtime (Compl. ¶ 3), yet the Agreement only provides for approximately $8,000 in back wages (Agreement Ex. A ¶ 1(i)). The Court is unable to determine whether this amount "reflects a reasonable compromise of disputed issues rather than a mere waiver of statutory rights brought about by an employer's overreaching," Martinez v. Ragtime Foods of N.Y., Inc., No. 11-CV-1483, 2011 WL 5508972, at *3 (E.D.N.Y. Nov. 10, 2011) (internal quotation marks and citation omitted), because the parties have failed to "provide the [C]ourt with enough information to examine the bona fides of the dispute." Wolinsky, 2012 WL 2700381, at *1 (internal quotation marks and citation omitted).

Thus, should the parties choose to submit a revised Agreement for judicial approval, they must, at a minimum:

(1) delete the confidentiality provision; and

(2) provide the Court with additional information in the form of affidavits or other documentary evidence explaining why the proposed settlement figure is fair and reasonable, see id. at *2 (noting that the court must consider "the plaintiff's range of possible recovery" and "the seriousness of the litigation risks faced by the parties").

3

CONCLUSION

For the foregoing reasons, the parties' joint request for approval of the Agreement is DENIED with leave to renew as outlined above. If the parties do not submit a renewed application within thirty (30) days of the date of this Order, this action will be referred to Judge Tomlinson for discovery.

SO ORDERED.

/s/ JOANNA SEYBERT_____
Joanna Seybert, U.S.D.J.

Dated: April 25, 2013
       Central Islip, NY